[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13571
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00198-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY THOMAS PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 12, 2018)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Roy Phillips appeals the 720-month sentence imposed by the district court

following his guilty plea and conviction for two counts of aiding and abetting the

production of child pornography.[1]  Phillips contends that the district court committed procedural error by failing to address his argument at sentencing that he would not derive any tangible benefit from pleading guilty unless the court imposed a downward variance.  Phillips also contends that his total sentence is substantively unreasonable.  We disagree and affirm.

I.

According to the plea agreement and the Presentence Investigation Report ("PSI"), Phillips engaged in multiple online chat and Skype sessions with someone using the account mariellaheartyou@yahoo.com ("mariellaheartyou"), who identified herself as a 14-year-old girl living in the Philippines.  During the chats, Phillips wired money to mariellaheartyou to pay for live streaming video of mariellaheartyou molesting little girls at his direction or having the girls engage in sex acts with each other.  The children involved in the charged offenses to which Phillips pleaded guilty were reportedly between three and nine years old.

Transcripts of four such chats are contained in the factual basis for the plea agreement.  According to one of the transcripts, Phillips also wired $1250 to mariellaheartyou for a collection of child pornography photographs and videos.

---

[1] The government argues that Phillips's appeal is barred by his sentence appeal waiver.  Phillips responds that the sentence appeal waiver is invalid because the district court misstated its terms during the Rule 11 plea colloquy.  Because Phillips's challenges to his sentence fail on the merits, we need not address his sentence appeal waiver.  The government's motion to dismiss the appeal is therefore denied.

Phillips said he was interested in travelling to the Philippines to have sex with children under mariellaheartyou's control—preferably between the ages of 4 and 12 years old—and offered to pay $1500 "per girl" for "4 days with each."

Federal agents executed a search warrant for the contents of Phillips's email account and located scores of emails between Phillips and females in the Philippines, including mariellaheartyou, in which Phillips offered to purchase, and paid for, live transmissions of child pornography over a two-year period. MoneyGram records showed that between August 2015 and June 2016, Phillips wired $16,700 to accounts in the Philippines connected with mariellaheartyou.

Phillips entered a guilty plea to two counts of aiding and abetting the production of child pornography in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2. At the sentencing hearing, the district court adopted the undisputed factual statements and Guidelines calculations in the PSI. The application of the Guidelines, including a three-level reduction for acceptance of responsibility, resulted in an adjusted offense level of 44, which was reduced to 43 pursuant to Chapter 5, part A, Commentary note 2. The Guidelines sentence for an offense level of 43 and Phillips's criminal history category (I) was life in prison, but because the statutory maximum penalty for the offense was 30 years in prison for each count, the Guidelines sentence was reduced to 60 years. *See* 18 U.S.C. § 2251(e).

Defense counsel argued that the Guidelines sentence was unreasonable because it amounted to a life sentence, which deprived Phillips of any benefit of pleading guilty and accepting responsibility for his crimes, and because it was a much longer sentence than in other child pornography cases where the offense conduct was worse. He suggested a 20-year sentence.

After hearing the government's response, the district court imposed the Guidelines sentence of 720 months' imprisonment (360 months for each count, to run consecutively). The court stated that it had read Phillips's sentencing memorandum and considered the parties' statements, letters from Phillips's family, and the statutory factors. The court acknowledged that Phillips's counsel had "raised some good points," but stated that it would comment only on the sentence-disparity issue. The court stated that the facts of Phillips's case were not "remotely similar" to those in the cases his attorney had cited, and that his conduct was "beyond the norms of human decency."

## II.

A district court's sentencing decisions generally are reviewed for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S. Ct. 586, 591, 597 (2007). Where the defendant fails to object to the procedural reasonableness of his sentence in the

district court, however, such claims will be reviewed only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

### A.

Phillips claims that the district court procedurally erred by failing to specifically address his argument that a Guidelines sentence would leave him without any tangible benefit from accepting responsibility and pleading guilty. Phillips cites *Rita v. United States*, in which the U.S. Supreme Court stated that, while a typical Guidelines sentence may not require much explanation from the district court, when a party presents nonfrivolous arguments supporting a sentence outside the Guidelines range, "the judge will normally go further and explain why he has rejected those arguments." 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007). But *Rita* does not require that the district court specifically address every argument raised by the parties; to the contrary, in *Rita* the Court held that where the record showed that the district court listened to the defendant's arguments for a downward departure, the court's brief explanation that a sentence below the Guidelines range was "inappropriate" and the Guidelines sentence that the court imposed was "appropriate" was sufficient even though the court did not explicitly state that it had heard and considered the defendant's arguments. *Id.*, 551 U.S. at 358–59.

5

Here, the district court specifically stated that it had read Phillips's sentencing memorandum, which contained the same argument regarding Phillips's acceptance of responsibility that defense counsel presented at sentencing. And the record makes clear that the district court listened to both parties' arguments before imposing sentence. The court complimented Phillips's counsel on his thoroughness and acknowledged his arguments by stating that he had "raised some good points." The court explained the reasons for its Guidelines sentence by discussing the nature and severity of the offense and the need for general and specific deterrence, and determined that the sentence imposed was "sufficient, but not greater than necessary to comply with the statutory purposes of sentencing."

For these reasons, in this "conceptually simple" case involving the straightforward application of the Guidelines, the district court did not plainly err by failing to state explicitly that it had considered Phillips's arguments and found them wanting. *Rita*, 551 U.S. at 359; *see United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir. 2012) (the district court's acknowledgement that it had considered the parties' arguments and the 18 U.S.C. § 3553(a) factors is sufficient explanation); *Vandergrift*, 754 F.3d at 1307 (to meet the plain-error standard, the appellant must show "(1) that the district court erred; (2) that the error was 'plain'; and (3) that the error "affect[ed his] substantial rights." (citation omitted)).

B.

6

A sentence will be deemed substantively unreasonable only if this Court is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and internal quotations omitted).  "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment" by balancing proper factors in an unreasonable manner.  *Irey*, 612 F.3d at 1189.

Phillips received a Guidelines sentence of 720 months' imprisonment for two counts of aiding and abetting the production of child pornography, based on Phillips's directing—and paying for—the videotaped sexual abuse of several young children.  Notably, offense level adjustments based on Phillips's offense conduct resulted in an initial Guidelines-calculated sentence of life in prison; the Guidelines sentence was reduced to 720 months in light of the statutory maximum sentence of 30 years for each count.  And although this Court does not apply a

7

*presumption* of reasonableness to a sentence falling within the advisory Guidelines range, it ordinarily expects such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

We see no reason to depart from that conclusion here. The district court stated that it had considered all of the statutory sentencing factors, and Phillips does not contend that the court either failed to consider any factor that "was due significant weight" or gave "significant weight to an improper or irrelevant factor." *Irey*, 612 F.3d at 1189. Nor can we say that the court committed "a clear error of judgment" in balancing the § 3553(a) factors. *Id.* The court explained that Phillips's sentence was imposed in part to serve as general deterrence, and to deter Phillips's future conduct specifically, stating that "having read [Phillips's] conversations with the—his agent in the Philippines, I am concerned that he would re-offend." The court went on to explain that the sentence was necessary to reflect the seriousness of the offense because Phillips's conduct was "at the extreme" for such offenses. Under these circumstances, Phillips's Guidelines sentence is at least "'in the ballpark' of permissible outcomes" and is not substantively unreasonable. *Irey*, 612 F.3d at 1189 (citation and punctuation omitted).

**AFFIRMED.**

8